Gilbert Winston GARBUTT, on behalf of himself and others similarly situated, Plaintiff,

v.

WEATHER ENGINEERS OF PANAMA, INCORPORATED, a corporation, Defendant.

Civ. No. 6508.

District Court, Canal Zone, Division Balboa.

Jan. 8, 1969.

Harry H. Allen, Jr., Albert J. Joyce, Jr., Balboa, Canal Zone, for plaintiffs.

11. 29 U.S.C. § 202(a).

William J. Sheridan, Jr.,* Balboa Heights, Canal Zone, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CROWE, District Judge.

This cause having come on regularly for trial on the 5th day of December, 1968, the plaintiffs, GILBERT WINSTON GARBUTT, JORGE BROWN, RICHARD SOLLAMI, RUBEN FRAITTS, ABRAHAM GONZALEZ, SACREMENTO CORREA, GILBERTO CASTILLO, CESAR SANDOVAL, and RAFAEL REYES appearing in person and by their attorneys of record, HARRY H. ALLEN, JR., and ALBERT J. JOYCE, JR., and the defendant, WEATHER ENGINEERS OF PANAMA, INCORPORATED, a corporation, having answered fails to appear either by its officers or by attorney, and the Court having heard the evidence and testimony produced by and on behalf of the said plaintiffs, finds:

FINDINGS OF FACT:

1. That the said plaintiffs were employed at various times by the defendant in the Canal Zone in and about its place of business at Miraflores, Canal Zone, and at various places in the field within the Canal Zone.

2. That the defendant, WEATHER ENGINEERS OF PANAMA, INCORPORATED, is a corporation duly organized and existing under the laws of the Republic of Panama and duly registered and licensed to do business within the Canal Zone and with offices at Miraflores, Canal Zone; that at all times hereinafter mentioned the defendant was engaged in the execution of a contract with the United States Army within the Canal Zone.

3. That during the employment of the said plaintiffs as aforesaid the said defendant paid the said plaintiffs wages less that those required by the Fair Labor Standards Act of 1938, as amended.

4. That as and because of the practice and failure of the defendant to pay the minimum wages as aforesaid the said plaintiffs are entitled to recover the amounts set forth in the schedule immediately following and in addition thereto a further sum as punitive damages equivalent of 25% of the wages due and unpaid as set forth:

| NAME | Wages Due | Punitive damages | Total |
|---|---|---|---|
| Gilbert Winston Garbutt | $1271.30 | $ 317.82 | $ 1589.12 |
| Jorge Brown | 215.00 | 53.75 | 268.75 |
| Richard Sollami | 1215.40 | 303.85 | 1519.25 |
| Ruben Fraitts | 1135.40 | 283.85 | 1419.25 |
| Abraham Gonzalez | 638.40 | 159.60 | 798.00 |
| Sacremento Correa | 435.00 | 108.75 | 543.75 |
| Gilberto Castillo | 1313.20 | 328.30 | 1641.50 |
| Alberto White | 769.40 | 192.35 | 961.75 |
| Rafael Reyes | 270.00 | 67.50 | 337.50 |
| Cesar Sandoval | 1820.40 | 455.10 | 2275.50 |
| Totals | $9083.50 | $2270.87 | $11354.37 |

5. The unpaid wages referred to in Finding of Fact No. 4 hereof represent the difference between the total amount of wages paid by the defendant to the plaintiff above enumerated and the total amount which the defendant should have paid.

6. That the plaintiffs are entitled to a reasonable sum as attorneys' fees herein as provided by law and the Court

* Withdrew from the case on July 19, 1968.

finds that the sum of $2838.59 is a reasonable sum for and as such attorneys' fees.

Wherefore, the Court finds as

## CONCLUSIONS OF LAW:

1. That the Court has jurisdiction of the parties and the subject matter of this cause;

2. That during the period of two years immediately preceding the commencement of this action the defendant employed the persons named in Findings of Fact No. 4 hereof in an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as amended.

3. That the defendant has violated the provisions of the said Act by paying certain of its employees less than the minimum wage applicable to their employment under the Act.

4. Plaintiffs are entitled to a judgment against the defendant in the amounts hereinbefore set forth.

Judgment therefor will be entered forthwith.